**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RALPH E. HAUCK, JR.,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL NO. 3:CV-16-2414** |
| v. : | |
| : | **(Judge Caputo)** |
| **UNITED STATES OF AMERICA,** : | |
| : | |
| Respondent : | |

**M E M O R A N D U M**

**I.    Introduction**

On December 1, 2016, Petitioner Ralph E. Hauck, Jr., a former federal inmate presently on supervised release,[1] filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1, Pet.)  He has paid the requisite $5.00 filing fee.

Rule 4 of the Rules Governing 2254 Cases in the United States District Courts provide that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  *See also Lonchar v. Thomas*, 517 U.S. 314, 320, 116 S.Ct. 1293, 1297, 134 L.Ed.2d 440 (1996) (discussing Rule 4).  Rule 1(b) of those Rules gives this

---

[1] As Mr. Hauck is on supervised release he satisfies the habeas "in custody" requirement necessary for the filing of his habeas petition.  *See Bosner v. District Atty Monroe Cnty.*, No. 15-2544, 2016 WL 4271872, at *2 (3d Cir. Aug. 15, 2016) (citing *Virsnieks v. Smith*, 521 F.3d 707, 717 - 18 (7th Cir. 2008).

Court the authority to apply the rules to other habeas corpus cases. *See Brennan v. United States*, 646 F. App'x 662, 665 n. 5 (10th Cir. 2016).

For the reasons outlined below, the Petition will be dismissed without prejudice for lack of jurisdiction.

## II.     Background

On January 26, 2000, Mr. Hauck was indicted on charges of witness tampering and obstruction of justice.[2] On June 22, 2000, following a two-day jury trial, Mr. Hauck was convicted of all counts. On September 12, 2000, he was sentenced on each count to a term of 15-months imprisonment followed by a 3-year term of supervised release. His sentences ran concurrently.

On April 13, 2001, the United States Court of Appeals for the Third Circuit affirmed Mr. Hauck's conviction and sentence. *See Hauck v. United States*, No. 00-2812 (3d Cir. Apr. 13, 2001). He then filed a motion to vacate his sentence pursuant to § 2255. His motion was denied on April 17, 2003. *See United States v. Hauck*, 4:CR-00-0025 (M.D. Pa.) (McClure, J.). On February 2, 2004, the Third Circuit Court

---

[2] The Court takes judicial notice of the criminal docket in *United States v. Hauck*, 4:CR-00-0025 (M.D. Pa.) (McClure, J.). The court docket for this case was accessed using the Public Access to Court Electronic Records (PACER) which is an electronic database of United States federal court documents. A district court may take judicial notice of proceedings in another court. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Hayes v. Woodford*, 444 F.Supp.2d 1127, (S.D. Cal. 2006)("[F]ederal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to the matter before the court.").

of Appeals denied Mr. Hauck's request for a certificate of appealability. *See Hauck v. United States*, No. 03-2482 (3d Cir. Feb. 2, 2004).

On April 14, 2011, Mr. Hauck was indicted on three counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and a single count of trespassing at the Allenwood Federal Correctional Complex in violation of 18 U.S.C. § 1793. *See United States v. Hauck*, 4:CR-11-0130 (M.D. Pa.) (Kane, J.). On February 23, 2012, Mr. Hauck pled guilty to Count Three, possession of a firearm by a convicted felon. (*Id.*) On July 24, 2012, Mr. Hauck was sentenced to a 24-month term of imprisonment, a three-year term of supervised release, and a special assessment of $100. *See United States v. Hauck*, 4:CR-11-0130 (M.D. Pa.) (Kane, J.).

Mr. Hauck timely appealed his sentence to the United States Court of Appeals for the Third Circuit. (*Id.*) In part, he argued that 18 U.S.C. § 922(g)(1) prohibition of gun ownership by convicted felons violated the Second Amendment. *United States v. Hauck*, No. 12-3130 (3d Cir. Jul. 24, 2013). On July 24, 2013 the Third Circuit Court of Appeals rejected his Second Amendment claim in light of *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008) and Mr. Hauck's "long list of past convictions." *United States v. Hauck*, No. 12-3130 (3d Cir. Jul. 24, 2013) (slip op.). The United States Supreme Court denied Mr. Hauck's Petition for Writ of Certiorari on December 2, 2013. *See Hauck v. United States*, No. 13-7053 (U.S. Dec. 2, 2013). Mr. Hauck then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *See United States v. Hauck*, 4:CR-11-0130 (M.D. Pa.) (Kane, J.) (ECF No.

99.) On July 27, 2015, the sentencing court denied the Petition. (*Id.*, ECF No. 115.)

More recently, Mr. Hauck filed several motions to Modify his Conditions of Supervised Release with the sentencing court. On September 28, 2016, the sentencing court appointed Edward J. Rymsza, Esquire, to assist Petitioner. (*Id*., ECF No. 124.) On October 5, 2016, the Honorable Yvette Kane granted Mr. Hauck's unopposed motion to permit him to possess a bow and arrow for the lawful purpose of archery hunting during Pennsylvania's archery season. (*Id*., ECF No. 126.) On November 21, 2016, Attorney Rymszma filed an unopposed Motion to Correct the Record. (*Id*., ECF No. 127).

Mr. Hauck's present habeas petition was filed on December 1, 2016. (ECF No. 1, Pet.) In his Petition, he asserts he plead not guilty and requested a jury trial but his attorneys never took his "evidence or wittnesses (sic) to the court." (*Id*., p. 2.) He also claims his § 2255 petition is "still pending." (*Id*., p. 4.) He argues he is not a felon and that his firearms were never used in any crimes. He seeks the return of his guns as he uses them for legal hunting, recreational, protections and butchering purposes. He asks that his conviction be overturned or he receive a pardon. (*Id*., p. 6.)

## III.   Discussion

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *See Okereke v. United States*, 307

F.3d 117, 120 (3d Cir. 2002) (a motion filed pursuant to § 2255 is the presumptive means for challenging a federal conviction). The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *see also Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). In considering what it means to be "inadequate or ineffective," the Third Circuit Court of Appeals has held that a federal prisoner should be permitted to seek relief under § 2241 "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir.2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Id*. at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* (citation omitted). Rather, only when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained on conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing

-5-

collateral relief. *Dorsainvil*, 119 F.3d at 251-52 (recognizing that the exception could apply where an intervening change in the law decriminalized the conduct for which the petitioner had been convicted).

Mr. Hauck does not allege facts which bring him within the *Dorsainvil* exception. To the extent Mr. Hauck's attempts to challenge the validity of his guilty plea or the ineffectiveness of his plea counsel's assistance, such claims fall within the purview of § 2255. Mr. Hauck cannot proceed under § 2241 as he has not demonstrated that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Firstly, Mr. Hauck does not allege in the instant habeas petition that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. He admits to filing a § 2255 petition but claims it sits unresolved in the trial court. Mr. Hauck is mistaken as to this assertion. His § 2255 petition was resolved by the sentencing court on July 27, 2015.[3] *See Hauck v. United States*, 4:11-CR-0130 (ECF No. 115). He did not file an appeal to the Third Circuit Court of Appeals. He cannot substitute a § 2241 petition now as a means to challenge the sentencing court's unfavorable decision as to his motion to vacate. Likewise, any procedural bar prohibiting his present day appeal of that decision does not demonstrate that the relief offered by Section 2255 is "inadequate or ineffective" to challenge his conviction or that he "had no earlier opportunity to challenge his conviction." *See*

---

[3] On August 4, 2015, the sentencing court received correspondence from Mr. Hauck that contained an annotated copy of the Court's order denying his § 2255 motion. *See Hauck v. United States*, No. 4:11-CR-0130 (M.D. Pa.) (Kane, J.) (ECF No. 117). Thus, it is indisputable that he received timely notice of the resolution of his § 2255 motion.

*Dorsainvil*, 119 F.3d at 251. Secondly, Mr. Hauck cannot argue that firearms possession by a previously convicted felon is a matter which an intervening change in substantive law has made no longer criminal. Thus, Mr. Hauck has no viable claim that he may now be innocent of the crime for which he was charged and pled guilty to - a felon in possession of a firearm. Mr. Hauck was previously convicted of a federal felony offense punishable by imprisonment for a term exceeding one year. *See United States v. Hauck*, No. 4:00-CR-0025 (M.D. Pa.) (McClure, J.). He also admitted to the possession of "a firearm, to wit: a bolt action Yoere Kufstein rifle, serial no. 235295" subsequent to his initial felony conviction. *United States v. Hauck*, No. 4:11-CR-0130 (M.D. Pa.) (Kane, J.) (ECF No. 48, Plea Agreement, p. 2; *see also* ECF No. 71, Change of Plea Tr., pp. 20 - 21.) Accordingly, the limited *Dorsainvil* exception is inapplicable, and Section 2241 relief is not available as Mr. Hauck has not demonstrated that Section 2255 is inadequate or ineffective to challenge his conviction. Instead, the Petition is more appropriately characterized as a second or successive motion under § 2255, which Mr. Hauck has not received authorization to file,[4] and over which this Court also lacks jurisdiction.

Finally, although displeased with the reality that he may suffer "a lifetime ban" from owning firearms as a result of his guilty plea, Mr. Hauck indicated to the sentencing court that he understood this consequence of his guilty plea. Mr. Hauck was advised, and acknowledged, that he could suffer "a lifetime disability; that is the

---

[4] . Hauck makes no allegation that he sought, or received, permission from the Third Circuit Court of Appeals to file a second or successive motion under § 2255.

rest of your natural life that you will not be permitted to own a firearm" when entering his guilty plea. (*Id*., ECF No. 71, p. 11 and p. 13.)  At the same time, Mr. Hauck was made aware that the return of his guns to his children or others was not an issue related to his conviction or sentence.  He was advised that the possible return of his confiscated guns to his heirs "has nothing to do with whether or not [he] was guilty, and it [has] nothing to do with the sentence that [Judge Kane]" would impose.  (*Id.*, p. 32.)  Thus, his same request, via his present Petition, that his guns be returned to him, or his children, do not present a cognizable habeas claim.

## IV.    Conclusion

Based on the foregoing, the Court lacks jurisdiction to consider the habeas petition.  Therefore, the Petition (ECF No. 1) will be dismissed.  Notably, the dismissal will be without prejudice to Mr. Hauck's ability to take any action he deems appropriate under § 2255 to preserve and present his issues in a second or successive motion to vacate, set aside, or correct his sentence.

An appropriate Order follows.

>  **/s/ A. Richard Caputo**
>  **A. RICHARD CAPUTO**
>  **United States District Judge**

**Date:  January 5, 2017**